UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21263-CIV-HUCK/SIMONTON

LEON WITHERSPOON,

    Plaintiff,

v.

OFFICER OSVALDO RAMOS, et al.,

    Defendants.
_____/

## ORDER GRANTING, IN PART, DEFENDANT RAMOS' MOTION TO COMPEL BETTER RESPONSES TO REQUESTS FOR PRODUCTION

Presently pending before the Court is Defendant Osvaldo Ramos' Motion To Compel Better Responses to Ramos' First Request for Production and Motion for Sanctions (DE # 55, filed 11/4/06). This motion is referred to the undersigned Magistrate Judge (DE # 24). Plaintiff filed certain supplemental responses to the underlying discovery requests with the Court (DE # 83), and responded to the motion (DE # 85). Plaintiff also requested sanctions (DE # 83). Defendant has replied (DE #90).

Defendant seeks better responses to Requests Number 1 and Number 3. Request Number 1 seeks production of any and all statements of Plaintiff, Plaintiff's agents and/or Plaintiff's attorneys, revealing knowledge of facts relevant and material to the claims and defenses in the instant litigation. Plaintiff objects based on the attorney client privilege. Defendant claims the privilege was waived since it was not adequately asserted in the initial objection, which only cited the work product privilege. Based upon a review of the memoranda, the undersigned finds that the privilege was not waived, a sufficient privilege log has been provided, and the documents described fall within the privilege. Therefore, the motion to compel is denied as to Request Number 1.

Request Number 3 seeks any and all statements of persons who have information pertinent to the facts raised in the pleadings in the instant matter. Based upon a review of the response and the subsequent memoranda, it appears that the only statements are the depositions of Osvaldo Ramos, Wayne Colon and David Allen, which were taken in Plaintiff's state criminal case. These depositions are already in the possession of Defendant Ramos, as evidenced by the fact that he filed them in support of his motion for summary judgment. If there are any other depositions in Plaintiff's possession, he shall identify them forthwith. Plaintiff purported to include, as an Exhibit to his Response, a Notice which listed the depositions, but this Exhibit was not filed; and, when ordered to file it by the undersigned, Plaintiff failed to timely comply. Although the undersigned does not condone the failure to comply with the Court's Order, the most expeditious way to resolve this matter appears to be ordering the immediate supplementation of the discovery request. Failure to comply with this Order may result in the dismissal of this case.

Under the circumstances of this case, sanctions are not warranted with respect to either party.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Defendant Osvaldo Ramos' Motion To Compel Better Responses to Ramos' First Request for Production and Motion for Sanctions (DE # 55, filed 11/4/06) is **GRANTED IN PART, AND DENIED IN PART**. On or before December 11, 2006, Plaintiff shall serve Defendant Ramos with a supplemental answer to Request Number 3 which specifically identifies the depositions of witnesses which are in his possession, and which states directly that he is not in possession of any other

witness statements.  The request for sanctions is **DENIED** as unjustified by the facts and circumstances of this case.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions (DE # 83) is **DENIED** as unjustified by the facts and circumstances of this case.

**DONE AND ORDERED** in Miami, Florida, on December 7, 2006.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Paul C. Huck, United States District Judge
All counsel of record